IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MAURICE THOMAS, | ) |
|     Plaintiff, | ) |
| VS. | ) No. 16-2991-STA-egb |
| JONATHAN LEBO, Warden; THOMAS SHELL, Lieutenant Internal Affairs; and JEFF GALTIN, Disciplinary Board Sergeant; | ) |
|     Defendants. | ) |

**ORDER DISMISSING CLAIMS,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE**

On December 20, 2016, Plaintiff Maurice Thomas, who is currently an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed *pro se* a Complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2). The Court granted Thomas leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk is instructed to record the Defendants as WTSP Warden Jonathan Lebo, Lieutenant for Internal Affairs Thomas Shell, and Disciplinary Board Sergeant Jeff Galtin.

## BACKGROUND

Thomas alleges that on March 31, 2016, he was charged with assault on staff without a weapon. (Compl. at 2, ECF No. 1.) On April 5, 2016, Thomas had his disciplinary hearing and was found not guilty on the charge. (*Id.*, *see also* Disciplinary #1204910, ECF No. 1-1 at 3.)

Sergeant Jeff Galtin ("Sgt. Galtin") presided over Thomas's disciplinary hearing. (*Id.*) On April 6, 2016, Thomas was released from the hole but returned to solitary confinement within an hour, apparently because Lieutenant Thomas Shell ("Lt. Shell") was still investigating the assault-on-staff incident. (*Id.*) Thomas alleges that he was subsequently brought up on new charges and that the previous assault-on-staff charge, for which he had already been found not guilty, was among the new charges. (*Id.*) On April 22, 2016, Thomas proceeded to a disciplinary hearing on the new charges and was found guilty on all charges, including the assault-on-staff charge for which he had previously been found not guilty. (*Id.* at 2-3.) Sgt. Galtin presided over Thomas's second disciplinary hearing. (*Id.*) On April 28, 2016, Warden Jonathan Lebo ("Warden Lebo") received Thomas's appeal, dismissed one charge, and found Thomas guilty on the other charges, which Thomas alleges is impossible. (*Id.* at 3.) As a result of the disciplinary proceedings, Thomas alleges that he now lives under closer scrutiny, which is presumably a reference to a higher security classification. (*Id.*) Thomas complains that he suffers from high blood pressure, stress, lack of sleep, and migraine headaches. (*Id.*) In his prayer for relief, Thomas does not request monetary damages but requests that the Court restore his behavior credits or that he receive some form of credit for Defendants' conduct. (*Id.* at 4.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) pleadings standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the pleading requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). District courts are therefore not required "to ferret out the strongest cause of action on behalf of *pro se* litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

# ANALYSIS

## I. Section 1983

Thomas filed his *pro se* Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). In this case the Court holds that Thomas's Complaint fails to state a plausible claim for relief.

The gravamen of Thomas's Complaint is that prison officials subjected him to double jeopardy and violated his due process rights by charging him twice with the same disciplinary infraction. Viewing the allegations of the Complaint in a light most favorable to Thomas, Thomas was charged in an initial disciplinary proceeding with assault on staff and found not guilty of the charge. Prison officials then included the same assault-on-staff charge in a subsequent disciplinary proceeding in which Thomas was found guilty of the charge.[1] Thomas has now lost good behavior credits and presumably had his security classification altered, injuries for which Thomas seeks the restoration of his credits and an award of additional credits.

---

[1] The Complaint seems to suggest that on appeal Warden Lebo reversed one of Thomas's convictions in the second disciplinary proceeding, though Thomas does not indicate which charge was reversed. Thomas does not challenge the validity of the other charges brought in the second proceeding, only the prison officials' decision to charge him with same assault-on-staff offense on which he had already been cleared.

Where disciplinary action affects a prisoner's length of confinement, the prisoner may not challenge the validity of the disciplinary action under section 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The Supreme Court extended *Heck*'s reasoning in *Edwards v. Balisok*, 520 U.S. 641 (1997) to preclude section 1983 actions challenging procedures which necessarily imply unlawful confinement. *Id.* at 646. A prisoner found guilty in a prison disciplinary hearing cannot use section 1983 to collaterally attack the hearing's validity or the alleged conduct forming the basis of the disciplinary charges. *Huey v. Stine*, 230 F.3d 226, 230–31 (6th Cir. 2000), overruled in part by *Muhammad v. Close*, 540 U.S. 749, 754–55 (2004) (*Heck* does not apply if the prisoner's lawsuit does not threaten any consequence for the plaintiff's conviction or the duration of his sentence). The Supreme Court has summarized the reach of *Heck* as follows: "a state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

In this case Thomas may not use section 1983 to challenge the disciplinary conviction until the conviction is overturned. Under Tennessee law, a prisoner may seek judicial review of prison disciplinary proceedings. *Smith v. Corrs. Corp. of Am.*, 5 F. App'x 443, 445 (6th Cir. 2001) (citing *Bishop v. Conley*, 894 S.W.2d 294, 296 (Tenn. Crim. App. 1994)). Once a prisoner exhausts his state court remedies, the prisoner may seek federal habeas relief to restore good-time credits. *Id.* The exclusive federal remedy for a prisoner requesting that a district court restore good behavior credits is a writ of habeas corpus. *Muhammad*, 540 U.S. at 750; *Edwards v. Balisok*, 520 U.S. 641, 643–44 (1997) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Thomas has not shown that he has exhausted his state court remedies or that he has filed a federal habeas petition. Thomas's Complaint is subject to dismissal for this reason alone.

To the extent that Thomas complains of the disciplinary process resulting in his receiving a greater security classification, the Complaint fails to state such a claim. A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Confinement to punitive segregation or an increased security classification does not constitute an atypical and significant hardship. *Workman v. Wilkinson*, 23 F. App'x 439, 440 (6th Cir. 2001) (citing *Sandin*, 515 U.S. at 484). For all of these reasons, Thomas's Complaint fails to state a claim against any Defendant and must be **DISMISSED**.

## II. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Even if Thomas could amend his Complaint to show that he has exhausted his remedies under Tennessee law, Thomas has not filed a federal habeas petition, a necessary prerequisite to relief under section 1983. The Court concludes then that leave to amend is not warranted because Thomas cannot cure the defect in his Complaint.

## CONCLUSION

The Court **DISMISSES** Thomas's Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is **DENIED**.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Thomas would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is **CERTIFIED** pursuant to 28 U.S.C. §1915(a)(3) that any appeal in this matter by Thomas would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Thomas nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Thomas is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2)

by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For purposes of 28 U.S.C. § 1915(g), this is the first dismissal of one of Thomas's cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 13, 2018.